IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANTE JACKSON,<br><br>                Plaintiff,<br><br>v.<br><br>SERGEANT POTE; CORRECTIONAL OFFICER, RUBEN SANTIAGO; CORRECTIONAL OFFICER, ISRAEL RODRIGUEZ; CORRECTIONAL OFFICER THOMAS O'NEAL, CORRECTIONAL OFFICER, HAKEEM WILSON,<br><br>                Defendants. | Civil Action No. 15-6495<br>JURY TRIAL DEMANDED<br><br>FIRST AMENDED COMPLAINT ON BEHALF OF PLAINTIFF DANTE JACKSON |

## AMENDED COMPLAINT

In his First Amended Complaint, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.     Plaintiff Dante Jackson ("Plaintiff") brings this action under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

### PARTIES

2.     Plaintiff is a citizen of the United States and currently an inmate at State Correctional Institute Huntingdon ("SCI-Huntingdon").

3.     Plaintiff was previously an inmate at the Philadelphia Industrial Correctional Center ("PICC").

4.      Defendant Sergeant Patrick Pote ("Pote") is an individual who is believed to be a resident of Pennsylvania and who at all times relevant to this action was a Sergeant at PICC. Sergeant Pote is sued in his individual and official capacity.

5.      Defendant Officer Ruben Santiago ("Santiago") is an individual who is believed to be a resident of Pennsylvania and who at all times relevant to this action was a correctional officer at PICC. Officer Santiago is sued in his individual and official capacity.

6.      Defendant Officer Thomas O'neal ("O'neal") is an individual who is believed to be a resident of Pennsylvania and who at all times relevant to this action was a correctional officer at PICC. Officer O'neal is sued in his individual and official capacity.

7.      Defendant Officer Israel Rodriguez ("Rodriguez") is an individual who is believed to be a resident of Pennsylvania and who at all times relevant to this action was a correctional officer at PICC. Officer Rodriguez is sued in his individual and official capacity.

8.      Defendant Officer Hakeem Wilson ("Wilson") is an individual who is believed to be a resident of Pennsylvania and who at all times relevant to this action was a correctional officer at PICC. Officer Wilson is sued in his individual and official capacity.

9.      At all material times, Defendants all had a duty to protect Plaintiff.

## JURISDICTION

10.     This Court has subject matter over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

## VENUE

11.     Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because this is the district in which the Plaintiff's claims arose.

## FACTUAL BACKGROUND

12.     On or about November 23, 2013, Plaintiff was incarcerated at PICC.

13.     On or about November 23, 2013, Plaintiff, while wearing full-restraints, was escorted by Defendants O'neal and Santiago to the telephone booth, which is located in a closed phone cage.

14.     While in the phone cage, Plaintiff got into a verbal altercation with another inmate who was on a tier above Plaintiff, in the restricted housing unit barbershop, which is a locked area.

15.     At the time of the verbal altercation, Plaintiff and the other inmate were completely separated by physical barriers, but were able to hear each other.

16.     The inmate cursed at Plaintiff and threatened Plaintiff with violence.

17.     Defendants Pote, Santiago, O'neal, Rodriguez and Wilson were all present during the verbal altercation between Plaintiff and the other inmate and were able to hear the threats the other inmate made to Plaintiff.

18.     Defendant O'neal, who was on the same level of the prison as Plaintiff, went upstairs and opened the prison's barbershop area thereby allowing the other inmate with whom Plaintiff had been arguing with to leave.

19.     The inmate, who was unrestrained, proceeded to go downstairs to the level where Plaintiff was utilizing the telephone and sat at a table near the phone cage being used by Plaintiff.

20. Thereafter, Defendant Santiago opened the phone cage to let Plaintiff out of the phone cage. Plaintiff was still in full-restraints whereby Plaintiff's hands were handcuffed to waist and his legs were shackled.

21. Plaintiff's ability to move was restricted by the full-restraints.

22. Despite hearing the threats the inmate made to Plaintiff, Defendants Pote, Santiago, O'neal, all had their backs turned to the inmate when Santiago opened the phone cage. Defendants Rodriguez and Wilson were sitting in a desk area a few feet away from the phone cage.

23. The unrestrained inmate ran towards Plaintiff, who was in full-restraints, and attacked him, hitting plaintiff several times in his face and causing Plaintiff to fall to the ground.

24. Defendants Pote, Santiago, O'neal, Rodriguez and Wilson all witnessed Plaintiff's beating and took no steps to prevent the attack.

25. Plaintiff sustained serious physical injuries as a result of this attack, including injuries to his face, cuts and abrasions in his mouth, and a fractured arm.

26. Plaintiff required immediate medical treatment for his injuries, but did not receive adequate treatment for his injuries.

27. Plaintiff requested medical treatment for his injuries, but Defendants ignored these requests and failed to provide Plaintiff with treatment for his injuries.

28. As a direct and proximate cause of Defendants' deliberate indifference to Plaintiff's safety, Plaintiff sustained severe injuries as well as pain, suffering, and emotional distress. These injuries continue to date and are expected to continue into the future.

29. At all times during this incident, Defendants Pote, Santiago, O'neal, Rodriguez and Wilson were acting under color of state law in their roles as Philadelphia Corrections Officers.

## FIRST CAUSE OF ACTION

### Violation of 42 U.S.C. § 1983 – Deliberate Indifference

30. Plaintiff hereby incorporates paragraphs 1-29 of this Amended Complaint as if fully set forth herein.

31. At all relevant times, all Defendants had duty to protect Plaintiff from attack, and knew that their actions and omissions created a substantial risk of serious injury to Plaintiff.

32. Defendants subjected Plaintiff to cruel and unusual punishment by failing to provide Plaintiff with proper medical treatment for his injuries, despite his serious medical need.

33. With deliberate indifference to Plaintiff's personal safety, Defendants failed to protect him from substantial risk of serious harm, in violation of his rights under the Eighth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983. As a direct and proximate cause of Defendants actions and omissions, Plaintiff sustained severe injuries as well as pain, suffering, and emotional distress. These injuries continue to date and are expected to continue into the future.

## SECOND CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

34. Plaintiff hereby incorporates paragraphs 1-33 of this Amended Complaint as if fully set forth herein.

35. Defendants' extreme and outrageous conduct caused Plaintiff to suffer severe emotional distress and serious physical harm.

36. Defendants acted with the intention of causing severe emotional distress, or with the knowledge that such distress was certain to occur.

37. As a direct and proximate cause of Defendants actions and omissions, Plaintiff sustained severe injuries as well as pain, suffering, and emotional distress. These injuries continue to date and are expected to continue into the future.

### THIRD CAUSE OF ACTION

#### Negligent Infliction of Emotional Distress

38. Plaintiff hereby incorporates paragraphs 1-37 of this Amended Complaint as if fully set forth herein.

39. At all relevant times, all Defendants had duty to care for Plaintiff and protect him from attack.

40. Defendants breached this duty by allowing Plaintiff to be subjected to serious physical injury and severe emotional distress.

41. Defendants knew or should have known that Plaintiff was fearful of impending physical injury prior to the attack, yet Defendants failed to take action that would have prevented the impending physical harm.

42. As a direct and proximate cause of Defendants actions and omissions, Plaintiff sustained severe injuries as well as pain, suffering, and emotional distress. These injuries continue to date and are expected to continue into the future.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court grant him a jury trial to each defendant and as to each count and the following relief:

1. Compensatory damages;

2. Punitive damages;

3. Reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

4. Such other and further relief as this Honorable Court deems just and proper.

_/s/ Charlene A. Barker_
Charlene A. Barker, Esquire
Lisa Koblin, Esquire
Malcolm Ingram, Esquire
OBERMAYER, REBMANN, MAXWELL & HIPPEL LLP
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
(T): 215.665.3273
(F): 215.665.3165

*Attorneys for Plaintiff*
*Dante Jackson*

Dated: March 6, 2017

## CERTIFICATE OF SERVICE

I, Charlene A. Barker, Esquire, certify that on March 6, 2017, I served a true and correct copy of the foregoing Amended Complaint via the Court's ECF system, upon the persons indicated below:

Shannon Zabel
Assistant City Solicitor
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Fl.
Philadelphia, PA 19102

*Attorney for Defendants*

_____
Charlene A. Barker

Dated:  March 6, 2017